ANDREW D. FORTNEY (SBN 178699)
CENTRAL CALIFORNIA IP GROUP, P.C.
1768 E. Birch Ave.
Fresno, CA 93720
Telephone: (559) 999-3656
Email: *drewfortney@cencalip.com*

Attorney for Plaintiffs
SHENZHEN YAPU TECH. CO., LTD. and
SICHUAN WURUI TECH. CO., LTD.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZHEN YAPU TECH. CO., LTD. and SICHUAN WURUI TECH. CO., LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> INTEGRATED VIRAL PROTECTION SOLUTIONS LLC, a Texas Limited Liability Company, and MEDISTAR CORPORATION, a Delaware Corporation, <br><br> Defendants. | Case No.: 2:22-cv-1403 <br><br> **COMPLAINT FOR BREACH OF CONTRACT, CONVERSION, NEGLIGENT MISREPRESENTATION, FRAUDULENT MISREPRESENTATION AND FRAUD** |

Plaintiffs SHENZHEN YAPU TECH. CO., LTD. and SICHUAN WURUI TECH. CO., LTD. hereby allege as follows:

# INTRODUCTION

1. This is an action for breach of contract, negligent misrepresentation, fraudulent misrepresentation and fraud, wherein Plaintiffs SHENZHEN YAPU TECH. CO., LTD. ("Shenzhen Yapu") and SICHUAN WURUI TECH. CO., LTD. ("Sichuan WuRui") and their attorney allege the following:

# PARTIES

2. Plaintiffs Shenzhen Yapu and Sichuan WuRui are manufacturers of sophisticated air purification systems and components and other products in China. Shenzhen Yapu is a corporation registered in Shenzhen, Guangdong Province, China. Sichuan WuRui is a corporation registered in Sichuan Province, China.

3. Shenzhen Yapu has a business address at Room 702, Xianke Electromechanical Building, No. 2, Bagua 4th Road, Shanglin Community, Yuanling Street, Futian District, Shenzhen 518000, China. Sichuan WuRui has a business address at Room 2726, Unit 2, Multifunctional Building, N. 88, Honggao Rd., Hongguang Town, Pidu District, Chengdu, Sichuan, China.

4. Defendant MEDISTAR CORPORATION ("Medistar") is a real estate development company that operates nationwide in the development, financing and acquisition of hospitals, medical education facilities, nursing and transitional care facilities, medical plazas and office buildings, life science and biomedical buildings, commercial office buildings, multi-family residential communities and mixed-use developments. Medistar has a business address at 7670 Woodway, Suite 160, Houston, Texas 77063-1594.

5. Defendant Integrated Viral Protection Solutions, LLC ("IVP") sells air purifiers and air purification systems to customers, distributors and partners throughout the United States and the world. IVP has a business address at 7670 Woodway, Suite 165, Houston, Texas 77063-1594.

**Complaint for Breach of Contract, Conversion, Negligent Misrepresentation, Fraudulent Misrepresentation and Fraud**   Case No. 2:22-cv-1403

2

6. On information and belief, and thereon alleged, Defendant Medistar in a Delaware corporation, and Defendant IVP is a Texas limited liability company.

7. On information and belief, and thereon alleged, IVP is a wholly-owned division of Medistar.[1]

8. On information and belief, and thereon alleged, Monzer Hourani is the founder and agent for service of process for both Medistar and IVP. Monzer Hourani is believed to be the CEO of Medistar and the Chairman and CEO of IVP. Dr. Garrett Peel is believed to be the Managing Director of IVP (or at least was a Managing Director and Principal of IVP during all of the relevant events described herein between Plaintiffs and Defendants) and a former Vice President of Medistar.

9. Monzer Hourani is the first-named inventor on U.S. Patent Application Publication Nos. 2021/0339183 and 2021/0339184, each of which names IVP as an Applicant.[2] By virtue of assignments recorded in the Assignment Recordation Branch of the U.S. Patent and Trademark Office at reels/frames 054681/0787 and 054682/0066, Mr. Hourani assigned his rights and/or interest in the U.S. patent applications corresponding to these patent publications directly to IVP.[3]

---

[1] See "COVID-killing air filter recognized by American Society of Mechanical Engineers (ASME), award given to inventor Monzer Hourani," press release dated Dec. 8, 2020 by Medistar Corporation, downloaded from https://www.ivpair.com/2020/12/08/covid-killing-air-filter-recognized-by-american-society-of-mechanical-engineers-asme-award-given-to-inventor-monzer-hourani/, submitted herewith as Exhibit A.

[2] See the cover pages of U.S. Pat. Appl. Publ. Nos. 2021/0339183 and 2021/0339184, submitted herewith as Exhibit B.

[3] See the Assignment abstract of title for Applications 16883977 and 16883981, submitted herewith as Exhibit C.

**Complaint for Breach of Contract, Conversion, Negligent Misrepresentation, Fraudulent Misrepresentation and Fraud**   Case No. 2:22-cv-1403

3

10. Medistar actively publishes press releases and news regarding the business of IVP on its website.[4] Medistar and IVP are in nearby or adjacent suites at the same street address.

11. The authors of a publication entitled "Catching and killing of airborne SARS-CoV-2 to control spread of COVID-19 by a heated air disinfection system," published in *Material Today Physics* online on or around July 7, 2020 include G.K. Peel and M. Hourani of Medistar Corporation.[5] The publisher, Elsevier Ltd., reports receiving the publication on June 26, 2020, after IVP was registered as a business organization in the State of Texas and after the patent applications corresponding to the patent publications in Exhibit B were assigned to IVP.

12. Medistar and IVP are in complementary businesses, in that the products sold by IVP are or can be used in the real estate developments of Medistar. On information and belief, and thereon alleged, Medistar uses the products and/or air purification technology of IVP in its real estate developments.

13. On information and belief, and thereon alleged, and for reasons that will become apparent in this Complaint, Medistar underfunded IVP, and continues to underfund IVP.

14. On information and belief, and thereon alleged, Medistar has regularly paid invoices and other obligations on behalf of IVP, in at least one instance as recently as September 2021.

15. Based on at least the allegations herein, Medistar and IVP are alter egos.

16. On information and belief, and thereon alleged, both Medistar and IVP conduct business in California. For example, Medistar is currently

---

[4] See the printout of the "News" page on the Medistar Corporation website (https://www.medistarcorp.com/news), submitted herewith as Exhibit D.
[5] See Exhibit E, submitted herewith.

**Complaint for Breach of Contract, Conversion, Negligent Misrepresentation, Fraudulent Misrepresentation and Fraud**  **Case No. 2:22-cv-1403**

4

developing a freestanding Inpatient Rehabilitation Hospital (Stockton Regional Rehabilitation Hospital) in Stockton, San Joaquin County, California.[6] Medistar also developed a Class A integrated medical plaza for The Kerlan-Jobe Orthopaedic Clinic in Los Angeles, California, and may have ongoing obligations and liabilities associated therewith.[7]  IVP is believed to have sales to customers in California, including at least one customer in this District, and frequently ships and imports its products through this District.

17.    A number of events giving rise to causes of action herein occurred in California, and in this District in particular.

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000 and involves citizens of a State and citizens or subjects of a foreign state.

19.    This Court has personal jurisdiction over Medistar, who has conducted and does conduct business within the State of California and within this District.

20.    This Court has personal jurisdiction over IVP, who has conducted and does conduct business within the State of California and within this District.

21.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because part of the events or omissions giving rise to the claims occurred in this District, and Medistar and IVP are subject to personal jurisdiction in this District and conduct business in this District.

---

[6] See https://www.medistarcorp.com/in-development/, a printout of which is submitted herewith as Exhibit F.
[7] See https://www.medistarcorp.com/completed/, a printout of which is submitted herewith as Exhibit G.

**Complaint for Breach of Contract, Conversion, Negligent Misrepresentation, Fraudulent Misrepresentation and Fraud**

Case No. 2:22-cv-1403

# FACTUAL BACKGROUND

22. From December 29, 2020 (or thereabout) to September 9, 2021 (or thereabout), IVP placed numerous purchase orders with Shenzhen Yapu and Sichuan WuRui for air purifiers and related products. Specifically, IVP placed seven purchase orders (PO-00004, PO-WR-00011, PO-WR-00014, PO-WR-00015, PO-00053, PO-00065 and PO-00066; individually, a "Purchase Order," and together, the "Purchase Orders") dated on or around January 4, 2021, January 23, 2021, January 29, 2021, January 29, 2021, June 22, 2021, September 9, 2021 and September 9, 2021, respectively, for various air purifiers, filters/control unit(s) and wall units (the "Products"). Shenzhen Yapu and Sichuan WuRui faithfully delivered the products *ex works* to United Parcel Service (UPS, IVP's shipper of choice) on time at its facilities in Shenzhen and Chengdu, except for a small number of air purifiers and wall units that were ordered in Purchase Order PO-00066 in September 2021.

23. On information and belief, and thereon alleged, IVP did not at any time object to or disagree with the delivery terms. It is believed that IVP requested such terms so that IVP could take advantage of favorable shipping rates and/or terms that it had with UPS. IVP had existing channels of business and communications with UPS, whereas Shenzhen Yapu and Sichuan WuRui did not have existing relationships with shippers who could bring the Products into the United States. Thus, IVP could receive the Products more quickly and efficiently if it managed and controlled shipping, rather than Shenzhen Yapu and Sichuan WuRui.

24. IVP agreed to pay a total in excess of $1.4 million to Shenzhen Yapu and Sichuan WuRui for those Products that were ordered, made and delivered as agreed.

25. IVP has, at no time, made payment of any kind for the Products shipped under these purchase orders, despite repeated requests by Shenzhen Yapu and Sichuan WuRui for payment.

26. On information and belief, and thereon alleged, IVP did not have the funds to pay for the Products at the times that the purchase orders were placed.

27. On information and belief, and thereon alleged, IVP intended for Shenzhen Yapu and Sichuan WuRui to rely on the representation in the purchase orders that IVP would pay for the Products that were delivered.

28. On information and belief, and thereon alleged, at IVP's instruction, UPS shipped the Products ordered in Purchase Orders PO-00004, PO-WR-00011, PO-WR-00014, PO-WR-00015 and PO-00053 from Shenzhen Yapu's and Sichuan WuRui's facilities in Shenzhen and Chengdu to Los Angeles, California, where some or all of the Products were held pending payment of the shipping charges from IVP.

29. In or around early September 2021, IVP was desperate for products, but was unable to obtain the Products from UPS or to pay for additional products to be made by Shenzhen Yapu and Sichuan WuRui.  Nonetheless, on or around September 9, 2021, IVP placed Purchase Orders PO-00065 and PO-00066 with Sichuan WuRui.  On or around September 11, 2021, a representative of Shenzhen Yapu and Sichuan WuRui requested payment of the overdue amounts (in excess of $1.4 million) owed by IVP, so that products ordered in Purchase Orders PO-00065 and PO-00066 could be manufactured.  On information and belief, and thereon alleged, on or around September 13, 2021, Dr. Peel promised to pay at least part of the amounts due to Shenzhen Yapu and Sichuan WuRui.

30. In reliance on the representation in Purchase Orders PO-00065 and PO-00066 that payment would be made at least for the Products ordered therein, Sichuan WuRui manufactured and shipped nearly all of the Products ordered in

| Complaint for Breach of Contract, Conversion, Negligent Misrepresentation, Fraudulent Misrepresentation and Fraud | Case No. 2:22-cv-1403 |

7

Purchase Orders PO-00065 and PO-00066, and began manufacturing additional products ordered by IVP in further purchase orders placed in September 2021.

31. However, no payments were received by either Shenzhen Yapu or Sichuan WuRui from IVP or Medistar at any time for any of the Products ordered in the Purchase Orders.

32. On or around October 3, 2021, October 10, 2021, and November 30, 2021, the representative of Shenzhen Yapu and Sichuan WuRui made additional requests for the unpaid and overdue amounts from IVP. On information and belief, and thereon alleged, at least one employee, representative or agent of IVP (Dr. Zhifeng Ren) maintained a dialog with the representative of Shenzhen Yapu and Sichuan WuRui regarding IVP's obligation to pay the unpaid amounts, thereby indicating to Shenzhen Yapu and Sichuan WuRui that IVP knew it owed the unpaid amounts to Shenzhen Yapu and Sichuan WuRui.

33. On information and belief, and thereon alleged, in or after July 2021, IVP negotiated one or more payments to UPS for shipping some or all of the Products held in Los Angeles. IVP and/or Medistar devised the scheme to obtain the Products from UPS as a way to gain possession and/or custody of the Products and avoid the obligation to pay Shenzhen Yapu and Sichuan WuRui the amounts agreed in the Purchase Orders.

## FIRST CAUSE OF ACTION
**Breach of Contract**
**under Comm. Code § 2609, *et seq*. and Civ. Code § 3300, *et seq*.**

34. The allegations of paragraphs 1-33 are incorporated herein as if fully set forth.

35. IVP's purchase orders and Shenzhen Yapu's and Sichuan WuRui's invoices formed one or more valid contracts, as the terms essential to the contract (the number of items being purchased, their price, and the dates of

delivery) were all agreed in the parties' respective documents, and the parties had an ongoing business relationship.

36. IVP's purchasing practices with Shenzhen Yapu and Sichuan WuRui at the time of submitting the purchase orders included instructions for Shenzhen Yapu and Sichuan WuRui to provide the Products packaged and ready for pick-up by the shipper (UPS) at its loading dock.

37. At no time did either Shenzhen Yapu or Sichuan WuRui breach the contract(s).

38. IVP's failure to pay for the Products is a material breach of the contract(s).

39. IVP and Medistar (as IVP's alter ego and ultimate beneficiary of [1] IVP's sales of its products including and/or incorporating the Products and [2] the failure of IVP to pay for the Products) have thus injured Shenzhen Yapu and Sichuan WuRui and are thus liable to Shenzhen Yapu and Sichuan WuRui for at least the amounts agreed in the purchase orders and incidental damages pursuant to Comm. Code § 2709, *et seq*.

40. IVP and Medistar profited unlawfully as a result of their breach of the contract(s).

41. Shenzhen Yapu and Sichuan WuRui are entitled to at least actual damages related to the breach plus pre-judgment and post-judgment interest, pursuant to Civ. Code § 3300, *et seq*.

## SECOND CAUSE OF ACTION
### Conversion
### under Civ. Code § 3336

42. The allegations of paragraphs 1-41 are incorporated herein as if fully set forth.

**Complaint for Breach of Contract, Conversion, Negligent Misrepresentation, Fraudulent Misrepresentation and Fraud**   Case No. 2:22-cv-1403

9

43. In the absence of payment for the Products, Shenzhen Yapu and Sichuan WuRui had ownership of and the right to possess the Products. However, IVP's wrongful actions alleged herein (e.g., the promises to pay for the Products and the failure[s] and/or refusal[s] to pay for the Products) deprived Shenzhen Yapu and Sichuan WuRui of their rightful ownership and possession of the Products.

44. Shenzhen Yapu and Sichuan WuRui did not give IVP consent to possess the Products without paying for them.

45. IVP and Medistar (as IVP's alter ego and ultimate beneficiary of [1] IVP's sales of its products including and/or incorporating the Products and [2] the failure of IVP to pay for the Products) have thus injured Shenzhen Yapu and Sichuan WuRui.

46. IVP and Medistar profited unlawfully as a result of their conversion of the Products, and are liable to Shenzhen Yapu and Sichuan WuRui for damages caused by their conversion.

### THIRD CAUSE OF ACTION
**Negligent Misrepresentation**
**under Civ. Code § 1709, *et seq*.**

47. The allegations of paragraphs 1-46 are incorporated herein as if fully set forth.

48. IVP and Medistar (as alter ego for IVP) repeatedly represented to Shenzhen Yapu and Sichuan WuRui that IVP would pay for the Products it ordered from Shenzhen Yapu and Sichuan WuRui. However, these representations were not true.

49. Even if IVP honestly believed that it could pay for the Products at the time that the representations were made, it had no reasonable grounds at the times that the representations were made that it could pay for the Products.

50. Shenzhen Yapu and Sichuan WuRui relied on IVP's representations.

51. On information and belief, and thereon alleged, one or more employees, officers or agents of Medistar participated in, directed, supervised, controlled, approved of and/or benefitted from IVP's scheme to obtain the Products without paying Shenzhen Yapu and Sichuan WuRui, in collaboration with one or more employees, officers or agents of IVP.

52. As a result of IVP's scheme, Shenzhen Yapu and Sichuan WuRui have suffered and will continue to suffer damages, and Shenzhen Yapu's and Sichuan WuRui's reliance on IVP's representations was a substantial factor in causing these damages.

53. IVP and Medistar profited unlawfully as a result of IVP's scheme.

54. IVP and Medistar (as alter ego for IVP) have injured Shenzhen Yapu and Sichuan WuRui and are thus liable to Shenzhen Yapu and Sichuan WuRui for actual, compensatory and consequential damages as a result of their misrepresentation.

55. Shenzhen Yapu and Sichuan WuRui are also entitled to prejudgment interest on their losses from the time they delivered the Products in accordance with Civ. Code § 3288 and exemplary and/or punitive damages pursuant to Civ. Code § 3294.

## FOURTH CAUSE OF ACTION
### Intentional Misrepresentation
### under Civ. Code § 1709, *et seq.*

56. The allegations of paragraphs 1-55 are incorporated herein as if fully set forth.

57. IVP and Medistar (as alter ego for IVP) repeatedly represented to Shenzhen Yapu and Sichuan WuRui that IVP would pay for the Products it ordered from Shenzhen Yapu and Sichuan WuRui. However, these

**Complaint for Breach of Contract, Conversion, Negligent Misrepresentation, Fraudulent Misrepresentation and Fraud**   Case No. 2:22-cv-1403

11

representations were not true. Alternatively, after repeated requests from Shenzhen Yapu and Sichuan WuRui for payment of long overdue amounts, IVP intentionally withheld their intention not to pay the amounts due to Shenzhen Yapu and Sichuan WuRui.

58. In the alternative to the allegation(s) in paragraph 49 above, on information and belief, and thereon alleged, IVP knew that the representations were false, or were made recklessly and without regard for their truth, at the time that the representations were made.

59. Shenzhen Yapu and Sichuan WuRui justifiably relied on IVP's representations.

60. On information and belief, and thereon alleged, one or more employees, officers or agents of Medistar participated in, directed, supervised, controlled, approved of and/or benefitted from IVP's scheme to obtain the Products without paying Shenzhen Yapu and Sichuan WuRui, in collaboration with one or more employees, officers or agents of IVP.

61. As a result of IVP's scheme, Shenzhen Yapu and Sichuan WuRui have suffered and will continue to suffer damages, and Shenzhen Yapu's and Sichuan WuRui's reliance on IVP's representations was a substantial factor in causing these damages.

62. IVP and Medistar profited unlawfully as a result of IVP's scheme.

63. IVP and Medistar (as alter ego for IVP) have injured Shenzhen Yapu and Sichuan WuRui and are thus liable to Shenzhen Yapu and Sichuan WuRui actual, compensatory and consequential damages as a result of their misrepresentation.

64. Shenzhen Yapu and Sichuan WuRui are entitled to prejudgment interest on their losses from the time they delivered the Products in accordance with Civ. Code § 3288 and exemplary and/or punitive damages pursuant to Civ. Code § 3294.

## FIFTH CAUSE OF ACTION
## Fraud
## under Civ. Code § 1572, et seq.

65. The allegations of paragraphs 1-64 are incorporated herein as if fully set forth.

66. IVP and Medistar (as alter ego for IVP) repeatedly represented to Shenzhen Yapu and Sichuan WuRui that IVP would pay for the Products it ordered from Shenzhen Yapu and Sichuan WuRui. However, these representations were not true. Alternatively, after repeated requests from Shenzhen Yapu and Sichuan WuRui for payment of long overdue amounts, IVP intentionally withheld their intention not to pay the amounts due to Shenzhen Yapu and Sichuan WuRui.

67. In the alternative to the allegations in paragraphs 49 and 58 above, on information and belief, and thereon alleged, IVP knew at the time that the representations were made that the representations were false, or were made with reckless disregard for the truth, or were made without intent to perform them. Furthermore, on those occasions in which IVP did not respond to a request by Shenzhen Yapu and/or Sichuan WuRui for payment, the failure to disclose the truth of the matter (i.e., that IVP was not going to pay the amounts due and/or had no intention to pay the amounts due) constitutes an affirmative false representation or a knowing concealment of information material to the circumstance under California Civ. Code § 1572.

68. Shenzhen Yapu and Sichuan WuRui justifiably and reasonably relied on IVP's representations.

69. On information and belief, and thereon alleged, one or more employees, officers or agents of Medistar participated in, directed, supervised, controlled, approved of and/or benefitted from IVP's scheme to obtain the

1  Products without paying Shenzhen Yapu and Sichuan WuRui, in collaboration
2  with one or more employees, officers or agents of IVP.
3    70. As a result of IVP's scheme, Shenzhen Yapu and Sichuan WuRui
4  have suffered and will continue to suffer damages, and Shenzhen Yapu's and
5  Sichuan WuRui's reliance on IVP's representations was the proximate cause in
6  causing these damages.
7    71. IVP and Medistar profited unlawfully as a result of IVP's scheme.
8    72. IVP and Medistar (as alter ego for IVP) have injured Shenzhen
9  Yapu and Sichuan WuRui and are thus liable to Shenzhen Yapu and Sichuan
10 WuRui for at least their actual and consequential damages pursuant to Civ. Code
11 § 1709.
12   73. Shenzhen Yapu and Sichuan WuRui are entitled to prejudgment
13 interest on their losses from the time they delivered the Products in accordance
14 with Civ. Code § 3288 and exemplary and/or punitive damages pursuant to Civ.
15 Code § 3294.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for the following relief from this Court:

a)  An adjudication that IVP and Medistar have breached contracts with Shenzhen Yapu and Sichuan WuRui as alleged above;

b)  An adjudication that IVP and Medistar have converted Shenzhen Yapu's and Sichuan WuRui's property as alleged above;

c)  An adjudication that IVP and Medistar have negligently and/or intentionally made misrepresentations to Shenzhen Yapu and Sichuan WuRui as alleged above;

d)  An adjudication that IVP and Medistar have defrauded Shenzhen Yapu and Sichuan WuRui as alleged above;

**Complaint for Breach of Contract, Conversion, Negligent Misrepresentation, Fraudulent Misrepresentation and Fraud**   Case No. 2:22-cv-1403

14

e) An accounting of all damages sustained by Shenzhen Yapu and Sichuan WuRui and profits realized by as a result of IVP's and Medistar's wrongful acts;

f) An award to of actual damages adequate to compensate them for breaches of contract, together with pre-judgment and post-judgment interest;

g) An award of attorneys' fees and costs;

h) An award of punitive damages pursuant to Civ. Code § 3294(a);

i) Awards of such other and further relief as this Court may deem just and proper.

Date: __March 2, 2022_____

Respectfully Submitted,
CENTRAL CALIFORNIA IP GROUP, P.C.

By: __/s/ Andrew D. Fortney_____
  ANDREW D. FORTNEY
Attorney for Plaintiffs
SHENZHEN YAPU TECH. CO., LTD. and SICHUAN WURUI TECH. CO., LTD.

**Complaint for Breach of Contract, Conversion, Negligent Misrepresentation, Fraudulent Misrepresentation and Fraud**   **Case No. 2:22-cv-1403**

15