1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Hagop T. Bedoyan, #131285
     *Hagop.bedoyan.@mccormickbarstow.com*
3  7647 North Fresno Street
   Fresno, California 93720
4  Telephone:   (559) 433-1300
   Facsimile:   (559) 433-2300
5
   Attorneys for Defendants INTEGRATED
6  VIRAL PROTECTION SOLUTIONS
   LLC, a Texas Limited Liability Company,
7  and MEDISTAR CORPORATION, a
   Texas Corporation
8
                  UNITED STATES DISTRICT COURT
9
          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
10

11  SHENZHEN YAPU TECH. CO., LTD.        Case No. 2:22-cv-01403-SK
12  and SICHUAN WURUI TECH. CO.,
    LTD.,                                **DEFENDANTS, INTEGRATED
13                                       VIRAL PROTECTION
            Plaintiffs,                  SOLUTIONS LLC and MEDISTAR
14                                       CORPORATION's ANSWER TO
         v.                              PLAINTIFFS' COMPLAINT FOR
15                                       BREACH OF CONTRACT,
    INTEGRATED VIRAL PROTECTION          CONVERSION, NEGLIGENT
16  SOLUTIONS LLC, a Texas Limited       MISREPRESENTATION,
    Liability Company, and MEDISTAR      FRAUDULENT
17  CORPORATION, a Delaware              MISREPRESENTATION AND
    Corporation,                         FRAUD; COUNTERCLAIM; AND
18                                       DEMAND FOR JURY**
            Defendants.
19

20        Defendants, INTEGRATED VIRAL PROTECTION SOLUTIONS LLC
21
    (hereinafter "IVP"), and MEDISTAR CORPORATION (hereinafter "MEDISTAR")
22
    (IVP and MEDISTAR are hereinafter collectively referred to as "Defendants") hereby
23
    respectfully submit their Answer (hereinafter "Answer") to Plaintiffs, SHENZHEN
24
    YAPU TECH. CO., LTD. and SICHUAN WURUI TECH. CO., LTD.'s, (hereinafter
25
    "Plaintiffs")   Complaint   for   Breach   of   Contract,   Conversion,   Negligent
26
    Misrepresentation,   Fraudulent   Misrepresentation   and   Fraud   (hereinafter
27
    "COMPLAINT"),   INTEGRATED   VIRAL   PROTECTION   SOLUTIONS   LLC's
28

Counterclaim for Breach of Contract, Breach of Warranties, and Demand for Jury as follows:

## ANSWER

1.      Defendants admit the allegations of Paragraphs 1, 9, 18 and 20 of the COMPLAINT.

2.      Defendants deny the allegations at Paragraphs 7, 12, 15, 19, 27, 37, 38, 39, 40, 41,  45, 46, 48, 51, 52, 53, 54, 55, 57, 58, 60, 61, 62, 63, 64, 66, 67, 69, 70, 71, 72, 73 and the PRAYER FOR RELIEF, to include Sub-Paragraphs, a), b), c), d), e), f), g), h) and i), of the COMPLAINT.

3.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 2, 3, 50, 59, 68 of the COMPLAINT and therefore, deny the same.

4.      Defendants object to Paragraph 4 of the COMPLAINT on the grounds that it is overbroad, vague, ambiguous and argumentative. Defendants admit that MEDISTAR is a real estate development company with a business address of 7670 Woodway, Suite 160, Houston, Texas 77063-1594.  Defendants deny all remaining allegations of Paragraph 4 of the COMPLAINT.

5.      Defendants admit IVP sold portable air purifiers to customers and distributors throughout the United States and the world, and that IVP's business address is 7670 Woodway, Suite 165, Houston, Texas 77063-1594 as alleged in Paragraph 5 of the COMPLAINT.  Defendants deny all remaining allegations of Paragraph 5 of the COMPLAINT.

6.      Defendants deny those portions of Paragraph 6 of the COMPLAINT that allege that MEDISTAR is a Delaware Corporation.  Defendants admit the remaining allegations of  Paragraph 6 of the COMPLAINT.

7.      Defendants object to Paragraph 8 of the COMPLAINT on the grounds that it is overbroad, vague, ambiguous and argumentative.  Defendants admit that Monzer Hourani is the agent for service of process for MEDISTAR and IVP.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

2

DEFENDANTS, INTEGRATED VIRAL PROTECTION SOLUTIONS LLC and MEDISTAR CORPORATION's ANSWER TO
PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT, CONVERSION, NEGLIGENT MISREPRESENTATION,
FRAUDULENT MISREPRESENTATION AND FRAUD; COUNTERCLAIM; AND DEMAND FOR JURY

1  Defendants deny all remaining allegations of Paragraph 8 of the COMPLAINT.

2         8.     Defendants object to Paragraph 10 of the COMPLAINT on the grounds
3  that it is overbroad, vague, ambiguous and argumentative.  Defendants deny those
4  portions of Paragraph 10 that allege MEDISTAR actively publishes on its website.
5  Defendants admit those portions of Paragraph 10 of the COMPLAINT that allege IVP
6  and MEDISTAR are located near one another on the same street.  Defendants lack
7  knowledge or information sufficient to form a belief about the meaning of the
8  remaining allegations of Paragraph 10 of the COMPLAINT, and, therefore, deny the
9  remaining allegations in Paragraph 10 of the COMPLAINT.

10         9.     Defendants object to Paragraph 11 of the COMPLAINT on the grounds
11  that it is overbroad, vague, ambiguous and argumentative.  Defendants deny those
12  portions of Paragraph 11 that allege MEDISTAR actively publishes on its website.
13  Defendants admit that the authors of the publication alleged in Paragraph 11 of the
14  COMPLAINT included G.K. Peel and M. Hourani.  Defendants deny the allegation
15  of Paragraph 11 of the COMPLAINT that G.K. Peel was of MEDISTAR.  Defendants
16  lack knowledge or information sufficient to form a belief about the meaning of the
17  remaining allegations of Paragraph 11 of the COMPLAINT, and, therefore, deny the
18  remaining allegations in Paragraph 11 of the COMPLAINT.

19        10.    Defendants object to Paragraph 12 of the COMPLAINT on the grounds
20  that it is overbroad, vague, ambiguous and argumentative.  Defendants admit that the
21  products sold by IVP can be used in the real estate developments of MEDISTAR.
22  Defendants deny the remaining allegations of Paragraph 12 of the COMPLAINT.

23        11.    Defendants object to Paragraph 13 of the COMPLAINT on the grounds
24  that it is overbroad, vague, ambiguous and argumentative.  Defendants deny the
25  allegations of Paragraph 13 of the COMPLAINT.

26        12.    Defendants object to Paragraph 14 of the COMPLAINT on the grounds
27  that it is overbroad, vague, ambiguous and argumentative.  Defendants deny the
28  allegations of Paragraph 14 of the COMPLAINT that allege MEDISTAR regularly

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1  paid invoices and other obligations on behalf of IVP.  Defendants admit the remaining

2  allegations of Paragraph 14 of the COMPLAINT.

3      13.    Defendants object to Paragraph 16 of the COMPLAINT on the grounds

4  that it is overbroad, vague, ambiguous and argumentative.  Defendants deny the

5  allegations of Paragraph 16 of the COMPLAINT that allege MEDISTAR conducts

6  business in California and that MEDISTAR is currently developing he alleged

7  Stockton Regional Hospital and that MEDISTAR developed  the alleged Kerlan-Jobe

8  Orthopedic Clinic and has ongoing obligations and liabilities associated therewith.

9  Defendants admit that IVP has California customers and shipped and imported

10  products in this District.  Defendants deny all remaining allegations of Paragraph 16

11  of the COMPLAINT.

12      14.    Defendants object to Paragraph 17 of the COMPLAINT on the grounds

13  that it is overbroad, vague, ambiguous and argumentative.  Defendants lack

14  knowledge or information sufficient to form a belief about the meaning of the

15  remaining allegations of Paragraph 17 of the COMPLAINT, and, therefore, deny the

16  remaining allegations in Paragraph 17 of the COMPLAINT.

17      15.    Defendants object to Paragraph 21 of the COMPLAINT on the grounds

18  that it is overbroad, vague, ambiguous and argumentative.  Defendants deny that

19  MEDISTAR is subject to the personal jurisdiction in this District. Defendants admit

20  that IVP is subject to personal jurisdiction in this District.   Defendants lack

21  knowledge or information sufficient to form a belief about the meaning of the

22  remaining allegations of Paragraph 21 of the COMPLAINT, and, therefore, deny the

23  remaining allegations in Paragraph 21 of the COMPLAINT.

24      16.    Defendants object to Paragraph 22 of the COMPLAINT on the grounds

25  that it is overbroad, vague, ambiguous and argumentative.  Defendants admit that IVP

26  placed purchase orders for air purifiers with Sichuan WuRui Tech. Co., LTD.

27  Defendants lack knowledge or information sufficient to form a belief about the

28  remaining allegations of Paragraph 22 of the COMPLAINT, and, therefore, deny the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

DEFENDANTS, INTEGRATED VIRAL PROTECTION SOLUTIONS LLC and MEDISTAR CORPORATION's ANSWER TO
PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT, CONVERSION, NEGLIGENT MISREPRESENTATION,
FRAUDULENT MISREPRESENTATION AND FRAUD; COUNTERCLAIM; AND DEMAND FOR JURY

1 remaining allegations in Paragraph 22 of the COMPLAINT.

2      17.    Defendants object to Paragraph 23 of the COMPLAINT on the grounds

3 that it is overbroad, vague, ambiguous and argumentative.   Defendants lack

4 knowledge or information sufficient to form a belief about the allegations that

5 Plaintiffs did not have existing shipping channels to the United States, and, therefore,

6 deny said allegations in Paragraph 23 of the COMPLAINT.   Defendants deny the

7 remaining allegations of Paragraph 23 of the COMPLAINT.

8      18.    Defendants object to Paragraph 24 of the COMPLAINT on the grounds

9 that it is overbroad, vague, ambiguous and argumentative.   Defendants deny the

10 allegations as phrased in Paragraph 24 of the COMPLAINT.

11      19.    Defendants object to Paragraph 25 of the COMPLAINT on the grounds

12 that it is overbroad, vague, ambiguous and argumentative.  Defendants admit that IVP

13 placed purchase orders with Sichuan WuRui Tech. Co., LTD.   Defendants lack

14 knowledge or information sufficient to form a belief about the remaining allegations

15 of Paragraph 25 of the COMPLAINT, and, therefore, deny the remaining allegations

16 in Paragraph 25 of the COMPLAINT.

17      20.    Defendants object to Paragraph 26 of the COMPLAINT on the grounds

18 that it is overbroad, vague, ambiguous and argumentative.  Defendants admit that IVP

19 placed purchase orders with Sichuan WuRui Tech. Co., LTD.  Defendants deny that

20 IVP did not have funds.  Defendants lack knowledge or information sufficient to form

21 a belief about the remaining allegations of Paragraph 26 of the COMPLAINT, and,

22 therefore, deny the remaining allegations in Paragraph 26 of the COMPLAINT.

23      21.    Defendants object to Paragraph 28 of the COMPLAINT on the grounds

24 that it is overbroad, vague, ambiguous and argumentative.  Defendants admit that IVP

25 placed purchase orders with Sichuan WuRui Tech. Co., LTD. and that air purifiers

26 were shipped to Los Angeles, California. Defendants lack knowledge or information

27 sufficient to form a belief about the remaining allegations of Paragraph 28 of the

28 COMPLAINT, and, therefore, deny the remaining allegations in Paragraph 28 of the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5

DEFENDANTS, INTEGRATED VIRAL PROTECTION SOLUTIONS LLC and MEDISTAR CORPORATION's ANSWER TO
PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT, CONVERSION, NEGLIGENT MISREPRESENTATION,
FRAUDULENT MISREPRESENTATION AND FRAUD; COUNTERCLAIM; AND DEMAND FOR JURY

1  COMPLAINT.

2      22.    Defendants object to Paragraph 29 of the COMPLAINT on the grounds

3  that it is overbroad, vague, ambiguous and argumentative.  Defendants admit that IVP

4  placed purchase orders with Sichuan WuRui Tech. Co., LTD. and that a request was

5  made of IVP for payment in an amount in excess of $1.4 million.  Defendants lack

6  knowledge or information sufficient to form a belief about the remaining allegations

7  of Paragraph 29 of the COMPLAINT, and, therefore, deny the remaining allegations

8  in Paragraph 29 of the COMPLAINT.

9      23.    Defendants object to Paragraph 30 of the COMPLAINT on the grounds

10  that it is overbroad, vague, ambiguous and argumentative.  Defendants admit that IVP

11  placed purchase orders with Sichuan WuRui Tech. Co., LTD.   Defendants lack

12  knowledge or information sufficient to form a belief about the remaining allegations

13  of Paragraph 30 of the COMPLAINT, and, therefore, deny the remaining allegations

14  in Paragraph 30 of the COMPLAINT.

15      24.    Defendants object to Paragraph 31 of the COMPLAINT on the grounds

16  that it is overbroad, vague, ambiguous and argumentative.  Defendants admit that IVP

17  placed purchase orders with Sichuan WuRui Tech. Co., LTD.   Defendants lack

18  knowledge or information sufficient to form a belief about the remaining allegations

19  of Paragraph 31 of the COMPLAINT, and, therefore, deny the remaining allegations

20  in Paragraph 31 of the COMPLAINT.

21      25.    Defendants object to Paragraph 32 of the COMPLAINT on the grounds

22  that it is overbroad, vague, ambiguous and argumentative.  Defendants admit that

23  requests were made of IVP for payment.  Defendants lack knowledge or information

24  sufficient to form a belief about the remaining allegations of Paragraph 32 of the

25  COMPLAINT, and, therefore, deny the remaining allegations in Paragraph 32 of the

26  COMPLAINT.

27      26.    Defendants object to Paragraph 33 of the COMPLAINT on the grounds

28  that it is overbroad, vague, ambiguous and argumentative.  Defendants admit that IVP

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

made a payment to UPS.  Defendants deny the remaining allegations in Paragraph 33 of the COMPLAINT.

27.    In response to Paragraph 34 of the COMPLAINT, Defendant incorporates the preceding paragraphs of its Answer as if fully set forth herein.

28.    Defendants object to Paragraph 35 of the COMPLAINT on the grounds that it is overbroad, vague, ambiguous and argumentative.   Defendants admit the allegations in Paragraph 35 that IVP placed purchase orders with Sichuan WuRui Tech. Co., LTD. and that IVP Sichuan WuRui Tech. Co. had an ongoing business relationship with a contract with Sichuan WuRui Tech. Co., LTD. to provide air purifiers that met IVP's specifications, at the prices agreed upon by IVP and Sichuan WuRui Tech. Co., LTD.   Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 35 of the COMPLAINT, and, therefore, deny the remaining allegations in Paragraph 35 of the COMPLAINT.

29.    Defendants object to Paragraph 36 of the COMPLAINT on the grounds that it is overbroad, vague, ambiguous and argumentative.  Defendants admit the allegations in Paragraph 36 of the COMPLAINT that IVP placed purchase orders with Sichuan WuRui Tech. Co., LTD.   Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 36 of the COMPLAINT, and, therefore, deny the remaining allegations in Paragraph 36 of the COMPLAINT.

30.    In response to Paragraph 42 of the COMPLAINT, Defendant incorporates the preceding paragraphs of its Answer as if fully set forth herein.

31.    Defendants object to Paragraph 43 of the COMPLAINT on the grounds that it is overbroad, vague, ambiguous and argumentative.   Defendants deny the allegations in Paragraph 43 of the COMPLAINT that any of their actions were wrongful.  Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 43 of the COMPLAINT, and, therefore, deny the remaining allegations in Paragraph 43 of the COMPLAINT.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

DEFENDANTS, INTEGRATED VIRAL PROTECTION SOLUTIONS LLC and MEDISTAR CORPORATION's ANSWER TO PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT, CONVERSION, NEGLIGENT MISREPRESENTATION, FRAUDULENT MISREPRESENTATION AND FRAUD; COUNTERCLAIM; AND DEMAND FOR JURY

32.     Defendants object to Paragraph 44 of the COMPLAINT on the grounds that it is overbroad, vague, ambiguous and argumentative.     Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 44 of the COMPLAINT, and, therefore, deny the remaining allegations in Paragraph 44 of the COMPLAINT.

33.     In response to Paragraph 47 of the COMPLAINT, Defendant incorporates the preceding paragraphs of its Answer as if fully set forth herein.

34.     Defendants object to Paragraph 49 of the COMPLAINT on the grounds that it is overbroad, vague, ambiguous and argumentative.  Defendants deny that IVP could not pay for air purifiers.   Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 49 of the COMPLAINT, and, therefore, deny the remaining allegations in Paragraph 49 of the COMPLAINT.

35.     In response to Paragraph 56 of the COMPLAINT, Defendant incorporates the preceding paragraphs of its Answer as if fully set forth herein.

36.     In response to Paragraph 65 of the COMPLAINT, Defendant incorporates the preceding paragraphs of its Answer as if fully set forth herein.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Breach)

That if any contracts, obligations or agreements as alleged in the COMPLAINT have been entered into, any duty or performance of IVP has been excused by reason of Plaintiffs' failure to provide air purifiers to IVP that met the specifications in IVP's contract with SICHUAN WURUI TECH. CO., and, to the extent an agreement is determined to have existed with SHENZHEN YAPU TECH. CO., LTD., said plaintiff breached said agreement failure to provide air purifiers to IVP that met IVP's specifications.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

DEFENDANTS, INTEGRATED VIRAL PROTECTION SOLUTIONS LLC and MEDISTAR CORPORATION's ANSWER TO PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT, CONVERSION, NEGLIGENT MISREPRESENTATION, FRAUDULENT MISREPRESENTATION AND FRAUD; COUNTERCLAIM; AND DEMAND FOR JURY

### SECOND AFFIRMATIVE DEFENSE

#### (Assumption of Risk)

That Plaintiffs are estopped from asserting the claims alleged in their COMPLAINT, as Defendants are informed and believe that Plaintiffs participated in the acts complained of by Plaintiffs in their COMPLAINT with IVP's agent, Zhifeng Ren, whom, upon information and belief was a relative and/or friend of Plaintiffs' principals.

### THIRD AFFIRMATIVE DEFENSE

#### (Reservation of Right to Amend Answer)

Defendants hereby give notice that they intend to rely on such other and further affirmative defenses as may become available during discovery in this action and reserve the right to amend their answer to assert any such defenses.

WHEREFORE. Defendants pray as follows in relation to their Answer:

1.     That Plaintiffs take nothing by reason of the COMPLAINT and that judgment be rendered in favor of Defendants;

2.     That Defendants be awarded their attorneys' fees and costs of suit incurred in defense of this action; and

3.     For such other relief as the Court deems proper.

### COUNTERCLAIM

#### STATEMENT OF FACTS

1.     INTEGRATED VIRAL PROTECTION SOLUTIONS LLC (hereinafter "IVP") is a Texas Limited Liability Company doing business in the State of Texas, with its principal office located in the City of Houston, Texas.

2.     SHENZHEN YAPU TECH. CO., LTD. and SICHUAN WURUI TECH. CO., LTD. ("Counterdefendants"), upon information and belief are entities with their principle places of business in China.

3.     SHENZHEN YAPU TECH. CO., LTD. and IVP entered into one or

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

more contracts for IVP's purchase of portable air purifiers and their components that, pursuant to SHENZHEN YAPU TECH. CO., LTD.'s agreement were to meet IVP's specifications, which included air movement of 500 cubic feet per minute and Underwriter Laboratories certification.

4.   SICHUAN WURUI TECH. CO., LTD. alleges in the COMPLAINT that it had one or more contracts with IVP to for the sale of air purification products, and, therefore, based upon information and belief, IVP entered into one or more contracts for IVP's purchase of portable air purifiers and their components that, pursuant to SICHUAN WURUI TECH. CO., LTD.'s agreement, were to meet IVP's specifications, which included air movement of 500 cubic feet per minute and Underwriter Laboratories certification.

5.   The air purifiers and their components that Counterdefendants provided to IVP pursuant to said contracts did not meet IVP's specifications that required air movement of 500 cubic feet per minute and Underwriter Laboratories certification, and in many instances the air purifiers did not work.

6.   IVP's customers to whom IVP sold the air purifiers have complained about the performance of the air purifiers, and IVP has incurred costs and expenses of at least $1,306,074.00 in attempting to remedy and/or retrofit the nonconforming and nonperforming air purifiers that IVP sold to its customers.

7.   Due to Counterdefendants' failure to provide the air purifiers and their components as specified by IVP, IVP will be required to repurchase, at the total retail sum of $1,474,796.00, air purifiers it has sold to its customers.

8.   Due to Counterdefendants' failure to provide the air purifiers as specified by IVP, IVP has lost profits, future sales and damage to its reputation.

## FIRST CLAIM FOR BREACH OF CONTRACT

9.   IVP incorporates and realleges Paragraphs 1 through 8 of its Counterclaim  alleged above as though fully set forth herein.

10.   Counterdefendants breached the contract to provide air purifiers as

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

1 specified by IVP.

2      11.    Based upon information and belief, IVP performed each and every

3 obligation required of it under the one or more contracts with Counterdefendants,

4 except those of which IVP was prevented from performing by the actions or inactions

5 of Counterdefendants, or those of which were excused or waived by

6 Counterdefendants.

7      12.    As a proximate result of Counterdefendants' actions and breaches, IVP

8 has been damaged in an amount to be proven at trial.

9 **SECOND CLAIM FOR BREACH OF EXPRESS**<br>**AND IMPLIED WARRANTIES**

10

11      13.    IVP incorporates and realleges Paragraphs 1 through 12 of its

Counterclaim alleged above as though fully set forth herein.

12

13      14.    Pursuant to the contract or contracts between IVP and

14 Counterdefendants, Counterdefendants were required to comply with each and every

term and condition contained in the contracts, including the express and implied

15 warranties that the air purifiers provided were of first class workmanship,

16 merchantable and in a proper condition for their intended use and purpose, to include

17 meeting specifications that required air movement of 500 cubic feet per minute and

18 Underwriter Laboratories certification.

19

20      15.    IVP relied upon the warranties described in Paragraph 14 of this

Counterclaim and believed that the Air purifiers and their components were

21 manufactured and provided in a first-class and workmanlike manner and met the

22 specifications that that required air movement of 500 cubic feet per minute and

23 Underwriter Laboratories certification and, as a result, said air purifiers and their

24 components were fit for their intended use and purpose

25      16.    Counterdefendants breached their warranties in that the air purifiers and

26 their components were not provided and furnished as represented and warranted,

27 including but not limited to the failure to meet IVP's specifications that required air

28

McCORMICK, BARSTOW,<br>SHEPPARD, WAYTE &<br>CARRUTH LLP<br>7647 NORTH FRESNO STREET<br>FRESNO, CA 93720

1  movement of 500 cubic feet per minute and Underwriter Laboratories certification,

2  and in many instances the air purifiers did not work.

3       17.    As a proximate result of Counterdefendants' breach of the express and

4  implied warranties, IVP has been damaged in an amount to be proven at trial.

5       18.    This Counterclaim will serve as notice that Counterdefendants' air

6  purifiers and their components were not manufactured and provided in a first-class

7  and workmanlike manner and did not meet the specifications that that required air

8  movement of 500 cubic feet per minute and Underwriter Laboratories certification,

9  such conditions, and Counterdefendants have not repaired or remedied these breaches

10  of express and implied warranties.

11           **THIRD CLAIM FOR INJUNCTIVE RELIEF**

12       19.    IVP incorporates and realleges Paragraphs 1 through 18 of its

13  Counterclaim alleged above as though fully set forth herein.

14       20.    That by virtue of assignments recorded in the Assignment Recordation

15  Branch of the U.S. Patent and Trademark Office at reels/frames 054681/0787 and

16  054682/066, IVP possesses the rights and interests of the U.S. patent applications

17  corresponding to these publications (hereinafter "The Patents").

18       21.    IVP is informed and believes that individuals whom are not current

19  employees and/or agents of IVP will and/or have contacted and/or made contact with

20  Counterdefendants to manufacturer, sell and or provide air purifiers and/or products

21  in violation of IVP's rights and interests in The Patents.

22       22.    That Counterdefendants' manufacture, sale or provision of products in

23  violation of IVP's rights and interests in that The Patents will cause irreparable harm

24  to IVP, for which monetary damages will not be sufficient, and, therefore, injunctive

25  relief is the appropriate and adequate remedy at law.

26                     **<u>PRAYER</u>**

27      WHEREFORE, IVP prays as follows in relation to its Counterclaims:

28       1.    An adjudication that SHENZHEN YAPU TECH. CO., LTD. and

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

DEFENDANTS, INTEGRATED VIRAL PROTECTION SOLUTIONS LLC and MEDISTAR CORPORATION's ANSWER TO
PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT, CONVERSION, NEGLIGENT MISREPRESENTATION,
FRAUDULENT MISREPRESENTATION AND FRAUD; COUNTERCLAIM; AND DEMAND FOR JURY

1   SICHUAN WURUI TECH. CO., LTD. have breached contracts with IVP;

2       2.      An adjudication that SHENZHEN YAPU TECH. CO., LTD. and

3   SICHUAN WURUI TECH. CO., LTD. have breached warranties with IVP;

4       3.      That IVP be granted an award of actual damages adequate to compensate

5   it for breaches of contract and warranties, plus pre- and post-judgment interest

6   thereon;

7       4.      That IVP be awarded its attorneys' fees and costs;

8       5.      That the Court enter an injunction permanently restraining and enjoining

9   Counterdefendants from selling or attempting to sell products of IVP;

10      6.      That the Court enter an injunction permanently restraining and enjoining

11  Counterdefendants from making unauthorized and unlawful disclosures of, or

12  attempts to improperly acquire, use or sell IVP's intellectual property; and

13      7.      For such other and further relief as the Court deems just and proper.

14                          **<u>DEMAND FOR JURY</u>**

15      Defendants, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure,

16  hereby demand a trial by jury on any and all issues triable to the jury.

17

18  Dated:  May 13, 2022                McCORMICK, BARSTOW, SHEPPARD,
19                                          WAYTE & CARRUTH LLP

20

21                          By:          /s/Hagop T. Bedoyan
22                                      Hagop T. Bedoyan
                                    Attorneys for Defendants INTEGRATED
23                                  VIRAL PROTECTION SOLUTIONS LLC, a
                                    Texas Limited Liability Company, and
24                                  MEDISTAR CORPORATION, a Texas
25                                          Corporation

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

DEFENDANTS, INTEGRATED VIRAL PROTECTION SOLUTIONS LLC and MEDISTAR CORPORATION's ANSWER TO
PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT, CONVERSION, NEGLIGENT MISREPRESENTATION,
FRAUDULENT MISREPRESENTATION AND FRAUD; COUNTERCLAIM; AND DEMAND FOR JURY